IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

In RE: Ryan Thomas Bechard,

    **Appellant**

CIVIL NO. 19-2025 (RAM)

## OPINION AND ORDER

Pending before the Court are Appellant Ryan Thomas Bechard's ("Bechard" or "Appellant") *Emergency Motion to Expedite Appeal Under FRBP 8013(A)(2)(B) And 28 USCS §1657(a)* ("Emergency Motion to Expedite Appeal") at Docket No. 4; *Motion for Final Decree Under Equity Rule 17* ("Motion for Final Decree") at Docket No. 5, and *Emergency Motion for Suspension of Rules In Part VIII Under Rule 8028, 8026(b) and 9029(b)* ("Emergency Motion for Suspension of Rules") at Docket No. 8. For the reasons set forth below, the *Motions* at Docket Nos. 4, 5 and 8 are hereby **DENIED**.

### I. LEGAL STANDARD

**A. Emergency Motions under Fed. R. Bankr. P. 8013(d)**

Under the Federal Rules of Bankruptcy Procedure, a "motion to expedite appeal" of a Bankruptcy Court ruling may be filed as an emergency motion. *See* Fed. R. Bankr. P. 8013(a)(2)(B). Emergency motions must comply with Fed. R. Bankr. P. 8013(d). *See* <u>In re Abengoa Bioenergy Biomass of Kansas, LLC</u>, 589 B.R. 731, 741 n. 12

(D. Kan. 2018); McCallan v. Wilkins for Debtors Allegro Law, LLC, 2018 WL 1384107, at *1 n.1 (M.D. Ala. 2018). Further, noncompliance with the requirements of Fed. R. Bankr. P. 8013(d) when filing an emergency motion may warrant denial of said motion. *See* In re Pulliam, 2015 WL 3889448, at *2 (C.D. Cal. 2015).

Pursuant to Fed. R. Bankr. P. 8013(d), an "emergency motion" must meet the following criteria:

**(d) Emergency motion**

  **(1) Noting the emergency**

  When a movant requests expedited action on a motion because irreparable harm would occur during the time needed to consider a response, the movant must insert the word "Emergency" before the title of the motion.

  **(2) Contents of the motion**

  The emergency motion must

   **(A)** be accompanied by an affidavit setting out the nature of the emergency;

   **(B)** state whether all grounds for it were submitted to the bankruptcy court and, if not, why the motion should not be remanded for the bankruptcy court to consider;

   **(C)** include the e-mail addresses, office addresses, and telephone numbers of moving counsel and, when known, of opposing counsel and any unrepresented parties to the appeal; and

   **(D)** be served as prescribed by Rule 8011.

  **(3) Notifying opposing parties**

  Before filing an emergency motion, the movant must make every practicable effort to notify opposing counsel and any unrepresented parties in time for them to respond. The affidavit accompanying the emergency motion must state when and how notice was given or state why giving it was impracticable. Fed. R. Bankr. P. 8013(d).

## II. ANALYSIS

**A. Emergency Motions (Docket Nos. 4 and 8)**

While Bechard did include the word "Emergency" before the title of his motions at Docket No. 4 and 8, in both instances, he failed to file an affidavit explaining the nature of the emergency and failed to state whether the grounds for the emergency motion were submitted to the bankruptcy court. Other District Courts have held that this suffices to deny an emergency motion. *See* In re Pulliam, 2015 WL 3889448, at *2 ("Appellant's declaration did not contain the information specified by Fed. R. Bankr. P. 8013(d), and Appellant did not attach the Notice of Appeal or the Order.[…] [T]he Court [DENIES] Appellant's Emergency Application to Advance Hearing Date."); *compare with* In re Brampton Plantation, LLC, 2012 WL 707062, at *6 (S.D. Ga. 2012) (holding that even if Appellant failed to file an affidavit, they "attached a copy of the notice for the foreclosure sale. […] [Which] informs the Court of the nature of the emergency.") As Bechard did not explain in the *Motions* at Docket Nos. 4 and 8, via affidavit or any other document, why "irreparable harm" would occur if they were not attended to in an expedited manner, the *Motions* do not comply with Fed. R. Bankr. P. 8013(d) and are hereby **DENIED**.

### i. Other Issues Regarding Emergency Motion to Expedite Appeal (Docket No. 4)

Appellant's *Emergency Motion to Expedite Appeal* at Docket No. 4 also fails to comply with Bankruptcy Rule 8013(a)(2)(B) and 28 USCS § 1657(a). Fed. R. Bankr. P. 8013(a)(2)(B) explains that a motion to expedite an appeal must include an explanation as to "what justifies considering the appeal ahead of other matters." Similarly, 28 USCS § 1657(a) states that "the court shall expedite the consideration of any action […] **if good cause therefore is shown**." Pursuant to this statute, "'good cause' is shown if a right under the Constitution of the United States or a Federal Statute […] would be maintained in a factual context that indicates that a request for expedited consideration has merit." 28 USCS § 1657(a).

Here, Bechard neither included a justification as to why an expedited appeal was proper nor did he show "good cause" as to why his appeal should be expedited. Merely stating that his "rights guaranteed under the Constitutions are at stake as an indenture trustee to Congress municipal corporations," without any factual context, is insufficient to justify an expedited appeal. (Docket No. 4 at 1). *See* Satterlee v. Comm'r of Internal Revenue Serv., 2019 WL 2236091, at *4 (W.D. Mo. 2019)(denying plaintiff's request for an expedited proceeding under 28 U.S.C. §1657 because plaintiff did not include a "reasonable inference" that there was good cause

to expedite his proceeding); Morrison v. Thaler, 2013 WL 1453605, at *2 (N.D. Tex. 2013) (same); DSP Acquisition, LLC v. Free Lance-Star Pub. Co. of Fredericksburg, VA, 512 B.R. 808 (E.D. Va. 2014) (holding that an expedited appeal of bankruptcy opinion was not warranted absent showing of irreparable harm).

### ii. Other Issues Regarding Emergency Motion for Suspension of Rules (Docket No. 8)

Aside from not complying with Fed. R. Bankr. P. 8013(d), the *Emergency Motion for Suspension of Rules* at Docket No. 8 is also **DENIED** on its face. While Bechard characterizes the fact that he must issue a statement of issues as part of the record on appeal as "meaningless and pointless in an uncontested case not having an appellee," this Court strongly disagrees. (Docket No. 8 at 1).[1]

On November 8, 2019, the Court issued an Order instructing Appellant to comply with Fed. R. Bankr. P. 8009. (Docket No. 7). In his *Motion*, Bechard requests that the Court, pursuant to Fed. R. Bankr. P. 8028, suspend the application of the rules set forth in Part VIII of the Federal Rules of Bankruptcy Procedure, including Fed. R. Bankr. P. 8009, which instructs an appellant on the documents they must include on a record of appeal. (Docket No. 8 at 1-2). Bechard however cites no authority supporting his position that filing a statement of issues is "pointless." Thus, as another Court within the First Circuit noted, "[l]itigants

---

[1] The Court notes that Bechard did send his "designation of items" to the Bankruptcy Court. (Docket No. 8 at 1 and Docket No. 8-2).

cannot choose whether to comply with court orders based on their own whim and fancy." Malinou v. Seattle Sav. Bank, 2007 WL 2323124, at *1 (D.R.I. 2007).

Moreover, failure to file a statement of issues could lead to dismissal of his appeal. The Federal Rules of Bankruptcy Procedure authorize the district court to dismiss an appeal if the appellant does not comply with the rules. Rule 8003 provides that "[a]n appellant's failure to take **any step other than the timely filing of a notice of an appeal** does not affect the validity of the appeal, **but is ground only for the district court ... to act as it considers appropriate, including dismissing the appeal**." Fed. R. Bankr. P. 8003(a)(2). Hence, failure to file **any** document required by the rules, such as a statement of issues, can warrant dismissal of an appeal. *See* In re Weiss, 111 F.3d 1159, 1173 (4th Cir. 1997). Accordingly, courts have held that failing to file a statement of issues may warrant dismissal of an appeal. *See* In re 199 E. 7th St. LLC, 2017 WL 2226592, at *2 (S.D.N.Y. 2017) (failure to file a designation of items and a statement of issue, after being ordered to show cause, warranted dismissal); M.A. Baheth & Co. v. Schott, 118 F.3d 1082, 1083 (5th Cir. 1997)(upholding dismissal of appeal for failure to file statement of issues ); McKenna v. U.S. Trustee, 177 B.R. 755 (D.R.I. 1994) (bankruptcy appeal was dismissed for failure to prosecute where appellant failed to file

a designation of record and a statement of issues and also failed to justify his noncompliance with Bankruptcy Rules).

Although dismissal under Rule 8001 of the Federal Rules of Bankruptcy Procedure (now Fed. R. Bankr. P. 8003) is a harsh sanction, this District has held that it is proper if appellants were negligent in their failure to timely file required documents. *See* In re Advance Cellular Sys., Inc., 262 B.R. 10 (D.P.R. 2001) (dismissing bankruptcy appeal as sanction for appellant's delay in filing designation of items and statement of issues in accordance with Rule 8009 deadline, where appellants missed deadline by more than forty (40) days, where their conduct prejudiced debtor and efficient administration of justice, and where they lacked an explanation for delay); *see also* Rivera-Siaca v. DDC Operating, Inc., 416 B.R. 9, 17 (D.P.R. 2009). Further, In re Advance Cellular Sys., Inc. references multiple factors that Circuit Courts of Appeals use to determine whether an infraction to procedural rules warrants dismissal of a bankruptcy appeal. *See* generally In re Advance Cellular Sys., Inc., 262 B. R. at 14 (citing In re Bulic, 997 F.2d 299, 302 (7th Cir. 1993) and In re CPDC Inc., 221 F.3d 693, 699 (5th Cir. 2000)). These factors include analyzing whether the movant acted in bad faith, whether the appellant explained reasons for their delay and whether the delay prejudiced other parties. *See* In re Advance Cellular Sys., Inc., 262 B. R. at 14 (citing In re SPR Corp., 45 F.3d 70, 72 (4th Cir. 1995)).

As Appellant has not provided the Court with sufficient justification as to why he should not have to file a statement of issues and why the Court should suspend rules such as Fed. R. Bankr. P. 8009, Appellant is **ORDERED** to file a statement of issues by December 11, 2019. He is further warned that not doing so could lead to the dismissal of his appeal.

Lastly, in his *Motion for Suspension of Rules*, Bechard cites several bankruptcy cases which state that "jurisdictional provisions of the Bankruptcy Reform Act of 1978 do not apply in cases filed under Bankruptcy Act of 1898." (Docket No. 8 at 2) (citing Matter of KDI Corp., 18 B.R. 378, 379 (S.D. Ohio 1982)). However, the Bankruptcy Reform Act of 1978, as amended, had an effective date of October 1, 1979. *See* In re Westby, 473 B.R. 392, 417 (Bankr. D. Kan. 2012), aff'd, 486 B.R. 509 (B.A.P. 10th Cir. 2013) (quoting In re Foth, 2007 WL 4563434, at *4 (Bankr. D. Kan. 2007)) ("[W]hen the Bankruptcy Reform Act of 1978 became effective on October 1, 1979, Congress expressly repealed the prior bankruptcy statute."); *see also* In re G. V. Lewellyn & Co., Inc., 1989 WL 1684532, at *11 (Bankr. S.D. Iowa 1989), aff'd sub nom. In re Lewellyn & Co., Inc., 929 F.2d 424 (8th Cir. 1991) ("The Bankruptcy Reform Act of 1978 expressly stated that it applied only in cases **filed after October 1, 1979**, the effective date of the Act. Bankruptcy Reform Act of 1978, Pub.L. No. 95-598, §§ 402, 403, 92 Stat. 2549, 2682-83 (1978).").

As the case at bar was filed on August 14, 2019 (Docket No. 1-4), nearly **forty (40) years** after the effective date of the Bankruptcy Reform Act of 1978, as amended, this Court concludes that the current case does not fall under the Bankruptcy Act of 1898. Therefore, Appellant's reliance on cases applying the Bankruptcy Act of 1898 is misplaced.

**B. Motion for Final Decree (Docket No. 5)**

In his *Motion for Final Decree*, Appellant requests that the Court issue a final decree for the relief sought within the *Complaint*. Bechard focuses his *Motion* on Equity Rule 17 which provides defendants thirty (30) days to reply to a "Bill Pro Confesso," and which he alleges Defendants failed to do. (Docket No. 5 at 1). This Court found during its research that the most recent federal case which had Equity Rule 17 and its thirty-day cooling off period at issue was Sec. Tr. & Sav. Bank of San Diego v. Walsh, 91 F.2d 481, 483 (9th Cir. 1937). Thus, it is safe to say that Equity Rule 17 was duly set aside due to the implementation of the Federal Rules of Civil Procedure in 1938, in particular by Fed. R. Civ. P. 55. *See* Fed. R. Civ. P. 55 advisory committee's note to 1937 adoption ("This represents the joining of the equity decree *pro confesso* (former Equity Rules 12 (Issue of Subpoena--Time for Answer), 16 (Defendant to Answer--Default--Decree *Pro Confesso* ), 17 (Decree *Pro Confesso* to be Followed by Final Decree--Setting Aside Default), 29 (Defenses--How

Presented), 31 (Reply--When Required--When Cause at Issue) ) and the judgment by default now governed by U.S.C., Title 28, [former] § 724 (Conformity act)."); *see also* Lewis El v. Office of CO Governor, 774 F. App'x 501, 503 n. 2 (10th Cir. 2019) ("For the same reason, Federal Rule of Civil Procedure 55 — which governs default judgment—applies in equity actions. The default judgment procedure specified in that rule [Rule 55] **replaces** the equity decree *pro confesso* [including Equity Rule 17].") Thus, there is no question that Bechard's "final decree" request falls under Fed. R. Civ. P. 55 and **not** under the Federal Equity Rules.

However, even when seen in the most favorable light to Bechard, the application of Fed. R. Civ. P. 55 does not do him any favors either. Here, Appellees are the Federal Government of the United States of America and "United States Corporations and Securities." When seeking an entry of default against the Government, the Court must apply Fed. R. Civ. P. 55(d) which states: "A default judgment may be entered against the United States, its officers, or its agencies **only if** the claimant establishes a claim or right to relief by evidence that satisfies the court." The First Circuit has made clear however that "[t]he disfavor in which such [default] judgments are held **is especially strong in situations where […] the defendant is the government**." Stewart v. Astrue, 552 F.3d 26, 28 (1st Cir. 2009). Moreover, as a leading treatise of federal civil procedure contends "when the

government's default is due to a failure to plead or otherwise defend [as allegedly occurred here], **the court typically either will refuse to enter a default or, if a default is entered, it will be set aside**." See Charles A. Wright *et al.*, Federal Practice and Procedure, 10A Fed. Prac. & Proc. Civ. § 2702 (4th ed. 2019).

Accordingly, this Court will not issue a final decree against the Federal Government at this time. The *Motion for Final Decree Under Equity Rule 17* is **DENIED**.

### III. CONCLUSION

For the reasons set forth above, Appellant's *Emergency Motion to Expedite Appeal* (Docket No. 4), *Motion for Final Decree* (Docket No. 5) and *Emergency Motion for Suspension of Rules* (Docket No. 8) are all **DENIED**. The Court hereby **ORDERS** Appellant to file a statement of issues by December 11, 2019.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 27th day of November 2019.

S/ RAÚL M. ARIAS-MARXUACH  
United States District Judge
